UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| KRISTY SWIGER, ) | |
| ) | |
| Plaintiff, ) | Civil No. 7:19-cv-00090-GFVT |
| ) | |
| V. ) | |
| ) | **MEMORANDUM OPINION** |
| ) | **&** |
| ANDREW M. SAUL, Acting Commissioner of ) | **ORDER** |
| Social Security, ) | |
| ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Defendant Commissioner's Motion to Dismiss. [R. 18.] In this case, Plaintiff Kristy Swiger wishes to appeal an administrative law judge's redetermination decision that ultimately denied her application for Social Security disability benefits. The question before the Court is whether Ms. Swiger filed suit in time. For the reasons that follow, the Court finds that she did not and, therefore, Defendant's Motion to Dismiss is **GRANTED**.

**I**

On March 29, 2016, an ALJ issued a decision which denied Ms. Swiger's claim for disability insurance benefits under Title II of the Social Security Act. [R. 18-2 at 4.] Ms. Swiger requested review of this decision and, on June 15, 2016, the Social Security Administration (SSA) Appeals Council notified Ms. Swiger that it was denying her request for review. [*Id.*; R. 18 at 1.] This denial by the Appeals Council rendered the ALJ's redetermination decision the final decision of the Commissioner. [R. 18 at 1.]

The Appeals Council notice sent to Ms. Swiger advised her that she had sixty days from the date of receipt (presumed to be within five days of mailing) to contest the ALJ's final decision. *Id*. at 1–2. Based on the date the notice was sent, Ms. Swiger had until August 19, 2016 to file suit to appeal the SSA decision; Ms. Swiger filed a complaint in this Court on October 11, 2019—more than three years after receiving the notice. [*See* R. 1; R. 18 at 1–2.] Thus, Defendant Commissioner now moves to dismiss this action based on the untimely nature of the suit. [R. 18.]

## II

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the Plaintiffs' complaint. In reviewing a Rule 12(b)(6) motion, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all inferences in favor of the plaintiff." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). The Court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). The Supreme Court explained that in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Courier v. Alcoa Wheel & Forged Products*, 577 F.3d 625, 629 (6th Cir. 2009).

### A

The federal government "is immune from suit save as it consents to be sued." *United States v. Sherwood*, 312 U.S. 584, 586 (1941). Congress therefore decides how, and where, people may sue federal agencies. *See City of Tacoma v. Taxpayers of Tacoma*, 357 U.S. 320, 336 (1958). When a person wants to sue the SSA, he must follow the rules that Congress set out

in the Social Security Act, including the applicable statute of limitations. *See* 42 U.S.C. § 405(g). Under the Act, if someone wants a federal court to review a final SSA decision, he must seek review "within sixty days after the mailing to him" of a notice of the decision, or otherwise "within such further time as the [SSA] may allow." *Id*. This time limit helps "move cases to a speedy resolution in a bureaucracy [the SSA] that processes millions of claims annually." *Bowen v. City of New York*, 476 U.S. 467, 481 (1986).

In certain instances, class actions may toll the Act's statute of limitations. In *American Pipe & Construction Co. v. Utah*, the Supreme Court held that "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." 414 U.S. 538, 554 (1974). In other words, when a named plaintiff files a class action, the statute of limitations period is tolled for the individual claims of each of the other class members. That tolling extends until "class action status is denied." *Id*. Upon denial of class status, individual class members are required to take action to preserve their rights—for example, by filing an individual lawsuit—or "face the possibility that their action could become time barred," because the statute of limitations clock starts to run again. *Id.*

**B**

The Commissioner's sole argument is that Plaintiff's complaint should be dismissed because it is barred by the SSA's statute of limitations.[1] [*See* R. 18 at 6.] The Court agrees. As noted, Ms. Swiger had up until August 19, 2016 to file suit in accordance with the applicable statute of limitations and failed to file suit until October 11, 2019. [R. 18 at 1; 42 U.S.C. § 405(g).] In this scenario, the burden is now on Ms. Swiger to provide an explanation as to why

---

[1] More than two months have passed since the Commissioner filed the present motion to dismiss and Ms. Swiger has failed to respond entirely. The time has now passed for doing so. *See* LR 7.1(c).

the suit is timely. *See McElfresh v. Comm'r of Soc. Sec.*, No. 17-3012, 2017 WL 6820168, at *2 (6th Cir. 2017). Absent some explanation as to extraordinary or exceptional circumstances that would warrant tolling, her complaint will be time-barred. *See Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 756 (2016).

Ms. Swiger does not offer any such explanation. True, in her complaint, Ms. Swiger states that her suit is timely based on class action tolling. [R. 1 at ¶¶ 2–3.] But, while she cites the proper authority for this proposition, *American Pipe*, 414 U.S. 538 (1974), she fails to elaborate, in her complaint or elsewhere, as to which class action(s) tolled her statute of limitations or to specify as to what extent the statute of limitations was tolled. In sum, there is no support in the record for her cursory claim that class action tolling has occurred. When she filed her complaint in October 2019, the statute of limitations had run and, consequently, the complaint must be dismissed as untimely.

### III

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** that the Commissioner's Motion to Dismiss **[R. 18]** is **GRANTED**. Judgment in favor of the Commissioner will be entered promptly.

This the 29th day of April, 2020.



Gregory F. Van Tatenhove
United States District Judge