UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
PIKEVILLE

| | |
|---|---|
| KRISTY SWIGER, | ) |
| Plaintiff, | ) Civil No. 7:19-cv-00090-GFVT |
| v. | ) **MEMORANDUM OPINION** |
| | ) **&** |
| KILOLO KIJAKAZI, *Acting Commissioner of the Social Security Administration*, | ) **ORDER** |
| Defendant. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Plaintiff's Motion for an Indicative Ruling on Reconsideration. [R. 25.] The Court dismissed the Plaintiff's complaint challenging the denial of her social security benefits because it was filed three years after the sixty-day statute of limitations expired. [R. 18.] Ms. Swiger appealed that dismissal and her appeal was stayed pending the resolution of *Potter v. Commissioner*, a related case. [R. 25 at 2.] The Sixth Circuit's decision in *Potter* allowed class action tolling for some similarly situated petitioners. *Id.* Now, Ms. Swiger asks the Court for an indicative ruling under Rule 62.1 stating whether it would grant a motion to reconsider the dismissal in light of *Potter* or whether the motion raises a substantial issue. *Id.* The Court finds that its dismissal should be reconsidered given the intervening change in law in addition to equitable tolling, so the Motion for Indicative Ruling [R. 25] is **GRANTED**.

**I**

Ms. Swiger brought this action in late 2019 alleging that the Social Security Commissioner erroneously denied her application for social security benefits. [R. 1.] The

Commissioner moved to dismiss the complaint, arguing that it was filed after the statute of limitations expired. [R. 18.] 42 U.S.C. § 405(g) requires petitioners to appeal a decision by the Commissioner within sixty days of receiving the decision. Ms. Swiger's notice was mailed on June 15, 2016, so she is presumed to have received it on June 20. [R. 18 at 4.] Accordingly, the sixty-day statute of limitations required her to file her complaint by August 19. *Id.* It was filed on October 11, 2019. [R. 1.] Ms. Swiger did not respond to the Commissioner's motion to dismiss.

The Court granted the motion to dismiss. [R. 19.] The complaint referenced *American Pipe*, which tolls the statute of limitations for putative class members' individual claims after a class action is filed. [R. 1 at 2.] But the Court found that Ms. Swiger did not carry her burden to establish tolling because she failed to identify "which class action(s) tolled her statute of limitations or to specify as to what extent the statute of limitations was tolled." [R. 19 at 4.] She appealed the Court's Judgment to the Sixth Circuit. [R. 22.] Her appeal was stayed pending the outcome of a related appeal. [R. 25 (citing *Potter v. Commissioner*, 9 F.4th 369 (6th Cir. 2021)).] In *Potter*, the Sixth Circuit held that *American Pipe* tolling ends when an uncertified class action is dismissed for failure to exhaust administrative remedies but not when a motion for class certification is denied without prejudice for the purpose of docket management. 9 F.4th at 371-72.

Now, Ms. Swiger seeks an indicative ruling that the Court would reconsider its dismissal. [R. 25.] In part because of the *Potter* ruling, she argues her complaint is timely through a combination of *American Pipe* and equitable tolling should not be dismissed. *Id.* at 4-10. She recognizes that *American Pipe* alone is insufficient to make her claim timely but contends "the blame should lie with the legal counsel, not [herself]." *Id.* at 1. In response, the Commissioner

2

cursorily claims that "the Sixth Circuit's holdings in *Potter* do not necessarily render [Ms. Swiger's] complaint timely." [R. 26 at 1.] But the Commissioner recognizes that Ms. Swiger raises new equitable tolling arguments and defers to the Court's discretion. *Id.* at 1-2.

**II**

Rule 62.1 allows district courts to issue an indicative ruling on a motion which it lacks jurisdiction to grant because the case is on appeal. An indicative ruling states that the court "would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1(a)(3). If the court issues an indicative ruling, the movant notifies the court of appeals, which may remand the case to allow the district court to decide the underlying motion. Fed. R. Civ. P. 62.1(c). Accordingly, the Court must determine whether it would grant Ms. Swiger's motion for reconsideration under Rule 60 or the motion presents a substantial issue.

Rule 60 allows the Court to relieve a party from a final judgment for certain enumerated reasons or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Intervening legal developments are rarely sufficient to justify relief under Rule 60(b)(6). *GenCorp, Inc. v. Olin Corp.*, 477 F.3d 368, 373 (6th Cir. 2007) (citing *Agostini v. Felton*, 521 U.S. 203, 239 (1997)). Courts usually require a "special circumstance" in addition to a legal change to grant relief. *Id.* (citing *Blue Diamond Coal Co. v. Trs. of UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001)). Ms. Swiger argues that her grounds for equitable tolling constitute a special circumstance warranting reconsideration when combined with the intervening legal developments.

**A**

The first issue is whether *Potter*, if applied to Ms. Swiger's complaint, would result in a different ruling on the Commissioner's motion to dismiss. *Potter* considered whether *American Pipe* tolled the statute of limitations for putative members of two class actions on appeal: *Martin* and *Hughes*. *Id.* at 372. Like Ms. Swiger, the members of those class actions were victims of Eric C. Conn.[1] Therefore, she was a putative class member whose statute of limitations may have been tolled while the appeals were pending. *Martin* was filed on May 30, 2015 and was dismissed shortly thereafter for failure to exhaust administrative remedies. *Id.* *Hughes* became a class action on November 2, 2016. *Id*. The *Hughes* court denied the motion for certification without prejudice for the purpose of docket management because the case was stayed pending another Conn-related appeal. *Id.*

In *Potter,* the Sixth Circuit concluded that *American Pipe* tolling continued for *Hughes* putative class members but ended for *Martin* putative class members when the case was dismissed. It found that "all of the interests underpinning *American Pipe* support continued tolling" for absent *Hughes* class members. *Id.* at 377-78. But it concluded that the *Martin* appeal did not warrant further tolling because appellate courts "are unanimous that the dismissal of an uncertified class action terminated *American Pipe* tolling." *Id.* at 380. Simply put, absent *Hughes* class members are entitled to tolling while the appeal is pending but absent *Martin* class members are not.

---

[1] *Potter* gives a brief background of the Eric Conn saga: "Attorney Eric Conn successfully represented plaintiffs Sharon Potter, Brandi Jane Adams, and Johnny Messer (and thousands of other claimants) in seeking disability benefits from the Social Security Administration ("SSA"). But it turned out that Conn was a fraudster; he bribed doctors to certify false disability applications and bribed an administrative law judge to approve those applications. All told, Conn caused the SSA to pay out millions in fraudulent benefits and fees. After Conn's scheme came to light, the SSA identified more than 1,700 approved applications that it believed might have been the product of his fraud. The SSA began redetermining whether Conn's clients were eligible for benefits. Many applicants took issue with how the SSA redetermined eligibility, however, and litigation ensued." 9 F.4th at

4

Ms. Swiger is presumed to have received notice of her benefits denial on June 20, 2016. Accordingly, 42 U.S.C. § 402(g) provided her until August 19, 2016 to file her complaint with this Court. It was not filed until October 11, 2019. [R. 1.] The entire three-year and four-month period must be tolled for her Complaint to be timely. *Hughes* tolls her action up to August 13, 2019 (when the action was remanded to the SSA). But *Hughes* did not become a class action until November 2, 2016. *Potter*, 9 F.4th at 372. Ms. Swiger's limitations period expired on August 19, before *Hughes* was a class action and began to toll her claim. *Martin* was pending at the time but *Potter* clearly held that *American Pipe* tolling did not continue through that appeal. In fact, Ms. Swiger is nearly identically situated to Mr. Messer, the petitioner whose tolling claim was denied in *Potter* because he needed both *Martin* and *Hughes* to toll his claim. *Potter*, 9 F.4th at 380-81. Likewise, Ms. Swiger cannot rely on the intervening change in law alone to justify reconsideration.

**B**

Ms. Swiger appears to recognize the flaw in her motion, arguing her case is distinguishable from Mr. Messer's. In addition to *American Pipe*, she invokes equitable tolling to toll the five months between June 20, 2016 (when she received notice of her benefits denial) and November 2 (when *Hughes* became a class action). [R. 1.]

Traditional principles of equitable tolling apply to the Social Security Act's statute of limitations. *Bowen v. City of New York*, 476 U.S. 467, 480 (1986). Courts use the following five-factor test to determine whether a petitioner is entitled to equitable tolling:

> (1) the petitioner's lack of [actual] notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

5

*Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 437 (6th Cir. 2007) (quoting *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir.2001)).  These factors guide the Court but are not entirely conclusive; "[t]he propriety of equitable tolling must necessarily be determined on a case-by-case basis." *Truitt v. Cnty. of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998).  As the party seeking equitable tolling, Ms. Swiger bears the burden of proving she is entitled to such a measure. *See Robertson v. Simpson*, 624 F.2d 781, 784 (6th Cir. 2010).

Ms. Swiger argues she was "justifiably ignorant of the filing requirements" because the legal standards for class action tolling were so unclear. [R. 25 at 8.]  Failure to comply with a filing deadline can be excused due to "the unstable and unsettled nature of [the law] at the crucial time of mistake." *Griffin v. Rogers*, 399 F.3d 626, 637 (6th Cir. 2005).

The Social Security Act is not generally comparable to the AEDPA, which was at issue in *Griffin*.  Unlike the AEDPA, the Act's sixty-day filing deadline is clearly stated and long recognized.  42 U.S.C. § 405(g).  However, the more specific issue of whether *American Pipe* tolling continued throughout the *Martin* appeal was "unsettled."  Ms. Swiger invokes a Sixth Circuit case "strongly suggesting that *American Pipe* continues to toll limitations periods while a putative class action is on appeal, so long as there has been no definitive denial of class treatment." [R. 25 at 8.]  That case, *Vertrue*, allowed *American Pipe* tolling to continue until the court "definitively ruled on class certification." *In re Vertrue Inc. Mktg. & Sales Practices Litig.*, 719 F.3d 474, 479-80 (6th Cir. 2013).  Further, the Supreme Court had stated that *American Pipe* tolling continues "for all members of the putative class until class certification is denied." *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 354 (1983).

Ms. Swiger argues she failed to comply with the filing deadline because these cases suggested that denial of class certification ends *American Pipe* tolling.  The district court

dismissed *Martin* for failing to exhaust administrative remedies before reaching class certification. *Potter*, 9 F.4th at 372. Ms. Swiger suggests she and her counsel reasonably expected, in reliance on *Vertrue* and *Crown, Cork & Seal*, that *American Pipe* tolling would continue throughout the *Martin* appeal because class certification was never denied. [R. 25 at 8; R. 25-1 at 1 ("I knew that there was a class action and thought that it would automatically cover me.").] The Sixth Circuit eventually held the opposite, finding that dismissal of an uncertified class action also ends tolling. *Potter*, 9 F.4th at 380-81. It specifically found the *Martin* appeal did not toll its putative class members' individual claims. *Id.*

The Court agrees that the law was unsettled and unstable during the months following Ms. Swiger's denial letter. On one hand, *Potter* states that "the courts of appeals that have considered this issue are unanimous" that *American Pipe* tolling ends when the court dismisses a class action before reaching the issue of certification. *Id.* at 380. On the other, *Vertrue* and *Crown, Cork & Seal* strongly suggested that tolling would continue until the issue of class certification was reached and denied. *Crown, Cork & Seal*, 462 U.S. at 364 ("Once the statute of limitations has been tolled, it remains tolled for all members of the putative class until class certification is denied."); *Vertrue*, 719 F.3d at 480 ("Because no court ever denied the motion for class certification in the *Sanford* action, we affirm the district court's conclusion that the plaintiffs' federal claims were timely filed.") This conflict shows that the law was unstable and unsettled at the time immediately following Ms. Swiger's denial. Given such definitive statements by the Sixth Circuit and Supreme Court that tolling continued until class certification was denied, it was reasonable to believe the *Martin* appeal would toll her claim. Ms. Swiger's "ignorance" of the fact that her claim was not tolled, which the Sixth Circuit later ruled, was justifiable.

7

Ms. Swiger also diligently pursued her rights. Her complaint was filed more than three years after she received her denial letter, which is a significant amount of time. However, two years of that time is properly tolled under *American Pipe* due to the *Hughes* appeal. Only five months' delay is not tolled, which is not an "extraordinarily long period of unexplained idleness." *Griffin*, 399 F.3d at 637 (quoting *Cook v. Stegall*, 295 F.3d 517, 522 (6th Cir. 2002)). This delay is not a "garden variety" claim of excusable neglect on the part of Ms. Foster, Ms. Swiger's attorney at the time.[2]  *Id.*  Rather, she suggests no appeal was filed because Ms. Foster was operating under unclear law and may have understandably believed Ms. Swiger's deadline was tolled by the *Martin* appeal. [R. 25 at 8.] The law was unclear, and there is no indication that Ms. Swiger herself lacked good faith diligence. In fact, Ms. Swiger believed that Ms. Foster had filed "all possible" appeals and that the ongoing class action would "cover" her. [R. 25-1.] Accordingly, "constitutional review should not be forfeited." *Griffin*, 295 F.3d at 637. ("Where the law is unclear, constitutional review should not be forfeited unless there has been a lack of good faith diligence on the part of the petitioner herself.")

Having identified factors that may justify tolling, the Court must consider whether the respondent would be prejudiced by applying equitable tolling. *See id.* at 637-38. The Commissioner did not argue any of the elements of equitable tolling in her response, deferring to the Court's discretion. [R. 26.] As a result, the Court is unaware of any prejudice facing the Commissioner beyond the general burden of now having to litigate the merits of this years-old case. This prejudice does not outweigh Ms. Swiger's equitable interest in having her claim reviewed. The five months between June 20 and November 2, 2016, should be equitably tolled.

---

[2] Ms. Swiger indicates that Ms. Foster, her attorney in 2016, is now an ALJ in Arizona's Industrial Relations Commission. [R. 25 at 6 n.1.] She has not been able to obtain an affidavit explaining Ms. Foster's failure to file a timely appeal because her private practice closed.  *Id.*

**C**

One outstanding matter remains. Another Court in this District deferred ruling on a nearly identical motion for indicative ruling. *Adams v. Kijakazi*, 2022 WL 987337 (E.D. Ky. Mar. 31, 2022). Judge Caldwell concluded that reconsideration was inappropriate because the same issue had been presented to the appellate court. *Id.* at *3. An appellate ruling is preferred to a district court ruling, so Judge Caldwell deferred reconsideration "pending such time, if any, that the court of appeals concludes that an indicative ruling would be of aid to it." *Id.* The petitioner in that case had also invoked equitable tolling, but that argument was not an appropriate ground for Rule 60(b) relief because it was not properly raised in response to the Commissioner's motion to dismiss. *Id.*

Here too, Ms. Swiger should have raised equitable tolling in response to the Motion to Dismiss her complaint. The Court granted that Motion largely because Ms. Swiger did not respond to it, so no argument in favor of tolling was before it. [R. 19 at 4.] Now, Ms. Swiger clarifies no response was filed because her counsel was not receiving emails through the Court's CM/ECF system. [R. 25 at 6.] Another Judge in this District reinstated a case brought by the same attorney because of this issue. *See Hunt v. Saul*, 7:19-cv-00089-REW at [R. 17] (E.D. Ky. Oct. 8, 2020). He stated, "neither Plaintiff nor his legal counsel was aware of the problem until after the case was dismissed" and "it appears that the failure to respond to the Court's Orders was inadvertent." *Id.* Because counsel for Ms. Swiger did not receive notification of the Motion to Dismiss, her failure to respond was justifiable. Ms. Swiger's status is distinct from the plaintiff in Adams because extraordinary circumstances caused her failure to respons. The lack of a response to the Motion to Dismiss does not make reconsideration inappropriate.

9

### III

Ms. Swiger's ultimate allegation is that "due to factors outside of her control or the merits of her case, [she] has now lost her benefits without recourse while hundreds of similarly situated Conn victims have had their benefits restored." [R. 25 at 7.] After being victimized by Eric C. Conn's scheme to defraud the SSA, Ms. Swiger was subjected to an unconstitutional redetermination process. *See Hicks v. Comm's of Soc. Sec'y*, 909 F.3d 786, 813 (6th Cir. 2018). The counsel she engaged for her redetermination proceeding neglected to file her petition because she incorrectly, but reasonably, believed the filing deadline was tolled. After new counsel filed her petition, Ms. Swiger was again denied relief due to a notification issue. Through no fault of her own, Ms. Swiger has been repeatedly barred from having her claim for social security benefits reviewed. The Court finds she is entitled to this review by a combination of *American Pipe* and equitable tolling. Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. The Petitioner's Motion for Indicative Ruling **[R. 25]** is **GRANTED**;

2. The Court would **GRANT** the Petitioner's Motion for Reconsideration if the Sixth Circuit were to remand the case for this purpose; and,

3. The Petitioner **SHALL** promptly notify the Clerk of the United States of Court of Appeals for the Sixth Circuit pursuant to Fed. R. App. P. 12.1 of the Court's indicative ruling.

This the 30th day of November, 2022.

Gregory F. Van Tatenhove
United States District Judge